IN THE UNITED STATES DISTRICT COURT OF ALABAMA
NORTHERN DISTRICT

RICK STUKES,                )
                            )
    Plaintiff,              )
                            )
v.                          )    Case No._____
                            )
KELLOGG SALES COMPANY       )
and THE CORPORATION         )
COMPANY,                    )
                            )
    Defendants.             )
                            )
                            )

## COMPLAINT

**COMES NOW** the Plaintiff, Rick Stukes, by and through his undersigned counsel and for his Complaint against the Defendants alleges and avers as follows:

### JURISDICTIONAL ALLEGATIONS

1.   Plaintiff Rick Stukes is a resident citizen of Walker County, Alabama and is over the age of nineteen years.

2.   Defendant **Kellogg Sales Company** ("Kellogg") is, upon information and belief, a Delaware Corporation with principle offices located at One Kellogg Square, Battle Creek, MI, 49016.

3.   Defendant **The Corporation Company** ("Corporation Company") is the registered agent of Kellogg Sales Company and is, and at all times pertinent hereto, an Alabama corporation with principle offices located at 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

4.   The jurisdiction of this Court to hear this Complaint is based upon the original jurisdiction of the Court to hear "any civil action or

proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraint and monopolies," and, as hereinafter set forth, this controversy involves the Robinson-Patman Act.

5. This Court has original jurisdiction over the antitrust claims under 28 U.S.C. @ 1337(a).

## FACTUAL ALLEGATIONS

6. On or about March 1, 2007, Plaintiff and Defendants entered into a Distributor Agreement. Plaintiff purchased a distributor company based upon the fact that the Defendant promised Plaintiff a territory in which to distribute Defendant's products along with other promises and conditions. Later, Defendant placed grocery warehouses in Plaintiff's territory thereby taking customers away from Plaintiff which eventually lead to the closure of Plaintiff's business.

7. Plaintiff performed all conditions, covenants, and promises required in the terms and conditions of the Distributor Agreement.

8. In September 2007, Plaintiff was informed in a meeting with the Defendants that he would receive a rebate on all gross sales made through his role as a Distributor in compliance with Defendant Kellogg's Volume Incentive Program. The Volume Incentive Program is designed for Master Distributors such as Plaintiff to receive rebate funds up to three percent (3%) to reward meeting certain sales objectives.

9. Plaintiff did not receive any rebates for his gross sales even though he met the required sales objectives and was promised by Defendant Kellogg in their initial meetings that he would receive a rebate.

10. Defendants paid other distributor and/or Plaintiff's competitor, Gulf Coast Cookies, rebates but failed to pay Plaintiff rebates.

11. Defendant Kellogg has breached their September 2007 agreement by refusing to pay Plaintiff the promised rebate percentage. Defendant Kellogg paid the promised rebate percentages to other distributors and has deliberately and unlawfully discriminated against the Plaintiff. Additionally, Defendant placed grocery warehouses within Plaintiff's

territory thereby taking customers away from Plaintiff which eventually put Plaintiff out of business.

## ROBINSON-PATMAN ACT

12. Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 11, inclusive.

13. Defendant Kellogg and Defendant Corporation Company deliberately violated the Robinson-Patman Act, 15 U.S.C. §§ 13 et. seq. They were a party to or assisted in a contract to sell, which discriminated against the competitors of the purchasers who received discounts, rebates, or allowances over and above any discount given to the purchaser's competitors. 15 U.S.C. § 13a.

14. Plaintiff received no rebate from Defendant Kellogg while other similarly situated distributors received rebates. Defendants have substantially exceeded any discounts, rebates, allowances, and/or promotional and advertising allowances and service charges available at the time of such transaction to said competitors in respect of sales of the same goods, of like grade and quality. Said rebate to Plaintiff's competitor was price discrimination as proscribed by the Robinson-Patman Act.

15. Plaintiff was injured in his business or property by reason of Defendant Kellogg's and Defendant Corporation Company's violation of the antitrust laws.

**WHEREFORE**, as the conduct of each of said Defendants combined and concurred to cause the afore-described injuries to the Plaintiff, Plaintiff demands judgment of the Defendants, separately and severally, in such amount of statutory damages enumerated under this act including Treble Damages, Costs, and Attorney's Fees in order to achieve the purpose of the Act in eliminating inequities resulting from competitive advantages and to protect a competitor whose business is injured by the discriminatory pricing policies.

## BREACH OF CONTRACT

16. Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 15, inclusive.

17. In September 2007, Plaintiff was informed at a meeting with the Defendants that he would receive a rebate on all gross sales made through his role as a Distributor in compliance with Defendant Kellogg's Volume Incentive Program

18. Plaintiff performed all required obligations under the contract and was in the same position as his competitors who received rebates for their gross sales.

19. Defendant Kellogg failed to pay the Plaintiff his rebate of gross sales as promised and such failure has resulted in a material breach of contract.

20. Plaintiff purchased a distributor company based upon the fact that the Defendant promised Plaintiff a territory in which to distribute Defendant's products along with other promises and conditions. Later, Defendant placed grocery warehouses in Plaintiff's territory thereby taking customers away from Plaintiff which eventually lead to the closure of Plaintiff's business.

21. Plaintiff has incurred substantial monetary damages, emotional distress and mental anguish, and other consequential and incidental damages proximately caused by Defendants' breach.

**WHEREFORE**, as the conduct of each of said Defendants combined and concurred to cause the afore-described injuries to the Plaintiff, Plaintiff demands judgment of the Defendants, separately and severally, in such amount of compensatory damages as are necessary and appropriate to compensate for all of the injuries, damages and losses sustained by the Plaintiff. Plaintiff further claims punitive damages in such an amount as is reasonably necessary in accordance with Alabama law to prevent this type of conduct from ever happening again and for the added purposes allowed by law.

## FRAUD

22. Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 21, inclusive.

23. Defendant Kellogg has made intentional or reckless misrepresentations that led the Plaintiff to believe he would receive a rebate for up to three percent (3%) of the gross sale.

24. Plaintiff purchased a distributor company based upon the fact that the Defendant promised Plaintiff a territory in which to distribute Defendant's products along with other promises and conditions. Later, Defendant placed grocery warehouses in Plaintiff's territory thereby taking customers away from Plaintiff which eventually lead to the closure of Plaintiff's business.

25. Defendant Kellogg knew the statement was false or made the statement without knowing whether the statement was true and intended the Plaintiff to rely on such statement.

26. Plaintiff did not know the statement was false and reasonably relied on the misrepresentations of the Defendant Kellogg and entered into a business relationship with them.

27. Plaintiff entered into a business relationship with the Defendant Kellogg but did not receive the rebate for gross sale that he was promised and has suffered harm and is unable to compete in the market without the use of the promised funds.

**WHEREFORE**, as the conduct of each of said Defendants combined and concurred to cause the afore-described injuries to the Plaintiff, Plaintiff demands judgment of the Defendants, separately and severally, in such amount of compensatory damages as are necessary and appropriate to compensate for all of the injuries, damages and losses sustained by the Plaintiff. Plaintiff further claims punitive damages in such an amount as is reasonably necessary in accordance with Alabama law to prevent this type of conduct from ever happening again and for the added purposes allowed by law.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS for judgment against Defendants and demands Statutory Damages, Compensatory Damages, Consequential Damages and Punitive damages as the Court deems reasonable and Attorney Fees and Costs.

RESPECTFULLY SUBMITTED,

_____
Garve W. Ivey, Jr.
ASB-4368-e65g

_____
John E. Warren, III
ASB-8405-walj

**OF COUNSEL:**

THE IVEY LAW FIRM
315 West 19th Street
Post Office Box 1349
Jasper, Alabama 35502-1349
(205) 221-4644
garve@iveylawyers.com

WARREN & ASSOCIATES, L.L.C.
105 East 19th Street
Post Office Box 2992
Jasper, Alabama 35502-2992
(205) 221-1044
paula@warrenandassociates.com

*Counsel for Plaintiff*

**PLAINTIFFS REQUEST SERVICE ON DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

KELLOGG SALES COMPANY
One Kellogg Square
Battle Creek, MI  49016

THE CORPORATION COMPANY
2000 Interstate Park Drive, Suite 204
Montgomery, AL  36109